# CHARLESTOWN.

NATHAN S. WHITE, ADMR. v. FRANCIS W. DREW.

9 695
62 · 220

November 2, 1876.

1876,
August Term.

1. It was not error to act upon the commissioner's report in the absence of the bill and answer, as the decrees and reports then before the court embodied all that was material to support the decree, and especially, as it does not appear that injustice was done the appellant by the rendition of the decree in the absence of the bill and answer.

2, Although the commissioners notice of the time and place of taking the account, states that the decree of reference would be executed on a certain day, "*if fair, if not, the next fair day thereafter. Sundays excepted,*" it is a substantial compliance with the requirements of the statute, (but not advisable to be inserted); and as the commissioner did take the account on that day, and the appellant does not show that he was, in consequence thereof, injured by its having been taken at that time, it is not sufficient ground to refuse confirmation of the report.

3. It is generally true, that a commissioner should follow strictly the directions contained in the order of reference.

4. If the commissioner is directed to settle the liens and their priorities on each parcel of the debtor's lands, and fails to do so, the report should be recommitted, and it is generally error to decree a sale before the liens are so ascertained and stated.

5. Where in such case, the creditors do not appeal from, or object to the decree of sale for any cause, the debtor has no right to complain in that respect, upon appeal, when the record shows that the sale of part of his land had been made at his own instance and with his consent.

6. It being necessary to sell all of the debtor's land to meet his liabilities, he is not prejudiced by the manner in which the debts and liabilities have been stated by the commissioner.

1876.
August Term.

White
v.
Drew.

7. The debtor has no ground for complaint, after waiting until the decree directing his land to be sold had been executed, and the report of sale made and confirmed without objection, and the proceeds of the sale directed to be distributed, before he applied for and obtained his appeal and *supersedeas*, and e-pecially as he d:d not appeal from the decree confirming the sale of the tract of land last sold, and to which he had not consented

8. A debtor is not entitled to a review or rehearing for the alleged d's-covery of new evidence, when he fails to show the exercise of reasonable diligence to discover or procure the same.

9. The mere statement of a bank clerk, unsworn to, "that. a note of $500 had been placed in the hands of the bank's attorney for suit," is not evidence of the claim, and the commissioner should not al[1] low it without proof of its existence, and the court should in such a case recommit the report for proof.

Appeal from decrees of the circuit court of Jefferson county, rendered on the thirteenth day of June, 1873, the tenth day of November, 187· , and the thirtieth day of April,. 1874, respectively, in a cause therein pending, in which Nathan S. White, administrator of Leonard Sadler, deceased, was plaintiff, and Francis W. Drew, and others, were defendants.

Appeal granted on the petition of said Drew, appellant.

The facts appear in the opinion of the Court.

*Daniel B. Lucas* for appellant.

*Joseph Trapnell* for appellee.

MOORE, JUDGE:

This cause is submitted to the Court upon appeal from, and supersedeas to, the decrees rendered by the circuit court of Jefferson county, respectively, on June 13, 1873; November 10, 1873, and April 30, 1874.

The appellant, Francis W. Drew, insists, that in the decree of June 13, 1873, it was error to act upon the report of the commissioner, in the absence of the bill and answer.

That decree states: " This cause, in which the original bill, and the answer of the defendant. F. W. Drew,

1876.
August Term.

White
v.
Drew.

are not with the papers, and appear to have been lost or mislaid, and in which the counsel for the defendant objected to the hearing of the cause at this time, and I moved the Court to continue the case, came on to be heard, this thirteenth day of June, 1873, upon the report and recommitted report of master commissioner, James D Fayman, returned to the Clerk's office, and filed fourteenth day of December, 1868, with the exceptions taken thereto, and the Court overruling said motion to continue the cause, and having considered said exceptions, it is adjudged, ordered and decreed that the same be overruled and the report confirmed. And it appearing to the Court, from the several reports made by the special commissioners, Isaac Fouke and Charles J. Faulkner, that the cash payment received by them from the sales of lands heretofore made, under a decree of this Court," &c.

It does not definitely appear from the record, at what time the bill and answer were lost, but it appears from the decree of December 18, 1867, that the cause was then heard "upon the bill and exhibits filed, the answer of John T. Gibson and F. W. Drew, and replications thereto, process duly executed upon, or acknowledged by David Howell, Samuel Ridenour, administrator of Wm. C. Worthington deceased, Humphrey Keyes, N. S. White, R. H. Lee and Martha C. Drew, and more than two months having elapsed since the filing of the bill, and the service of process upon the said defendants, and they having, with exception of John T. Gibson and F. W. Drew, failed to appear and answer the bill, the same, as to them, is taken for confessed." In that decree, the Court referred the cause to a master commissioner, to ascertain the liens on the defendant's real estate, priorities, &c., upon each parcel of said real estate; "the value and rental of the land, together with all matters deemed pertinent by himself, or that any of the parties may require to have stated," &c.

The decree, after stating, that, it "appearing from the
88

answer of the defendant, F. W. Drew, that he consents to, and desires a sale of the three parcels of land, (designating them), appointed Isaac Fouke and Charles J. Faulkner, commissioners, to make sale of the land referred to, upon certain designated terms.

The decree of October 17th, 1868, states that the cause then came on to be heard "upon the papers previously read in the cause, and the report of master commissioner Fayman, returned to the Court, the eleventh day of August, 1868, and the exceptions filed thereto, and was argued by counsel." That decree shows that the Court sustained the first exception to the report, for the want of legal notice, and recommitted the cause to commissioner Fayman, to take the account as ordered by the former decree.

Pursuant to the decree of recommittal, Fayman retook the account, November 25, 1868, and filed it in the Clerk's office, December 14, 1868, "with the exceptions taken thereto." There is nothing in the record to show that the bill and answer had been lost at the time of taking the account under the order of recommittal, but on the contrary, it is inferrable from the fifth exception to the report, and the report itself, that the bill was with the papers of the cause at that time.

It seems to me that this case is stronger than the case of *Mayo's exr. and als v. Carrington's exr. and als.* 19 Gratt. 74–109, &c., and upon the precedent thereby established. I am satisfied this Court would not be justified in holding that, in the decree of June 13, 1873, it was error to act upon the commissioner's report in the absence of the bill and answer, especially as the decrees and reports then before the Court, embodied all that was material to support the decree ; and, as the bill has been replaced since the rendition of that decree, and again answered by Drew, upon inspection of them, it is clear, no injustice was done the appellant by that decree, in consequence of the absence of the bill and answer.

It is urged that in the decree last named, it was error

to confirm the recommitted report, because the notice under which the Commissioner acted, was defective, in that, it was *conditional.* Although it was not necessary for the Commissioner to have stated in his notice that the decree of reference would be executed on the twenty-fifth day of November, 1868, *"if fair, if not, the next fair day thereafter, Sundays excepted,"* the notice was, nevertheless, a substantial compliance with the requirement of the statute. And, as the Commissioner did take the account on that day, and nothing appearing to the contrary, the presumption is, the day was *"fair."* But even if the day was not *fair,* the appellant does not show that he was, in consequence thereof, absent from the taking of the account, or injured by its having been taken at that time. Although it is not advisable to insert such a *proviso* in a notice of the kind, yet, from all that appears in this instance, it has not, under the circumstances, operated injustice to any of the parties interested, and the objection being purely technical, and not made in the court below, should not be sustained in the Appellate Court.

The third assignment of errors purports to be of such as are apparent on the face of the report of commissioner Fayman. To that report, the appellant made several exceptions, which, as has been stated, the court overruled by the decree of June 13, 1873, and confirmed the report.

It was urged, in argument, that. the Commissioner should have ascertained "the liens, and their priorities, upon each parcel of land, respectively," as directed by the decree; and as he failed to do so, the second exception to the report should have been sustained by the court; and that the court erred in decreeing a sale, before each tract and parcel of land was severally charged with its distinct liens in order of their priorities.

It is generally true, as argued by the appellant, that the Commissioner should follow strictly the directions contained in the order of reference, and if he is directed to settle the liens and their priorities on each parcel of

the debtor's land, and fail to do so, the report should be recommitted, and it is generally error to decree a sale before the liens are so ascertained and stated, but as in this case the creditors have not appealed, and it does not appear that they, or any of them object to the decree of sale for any cause, certainly Drew does not come with good grace in that respect, as the sale of certain of his lands were made at his own instance, and with his consent; and as it appears from the record, that it was necessary to sell all his land to meet his liabilities, he is not prejudiced by the manner in which the debts and liens have been stated by the Commissioner. He has no ground for complaint, and as the creditors do not complain, that assignment of error must be overruled, and especially so, as the appellant waited until the decree, which directed the sale of the last tract of land sold, (which is the only tract of land decreed to be sold without his consent) was executed, and the report of sale made and confirmed without objection, and the proceeds of the sale directed to be distributed, before he applied for and obtained his appeal and *supersedeas*, and he did not apply for, and obtain, an appeal and *supersedeas* from, and to, the decree of twenty-eighth March, 1874, confirming the sale of the said tract of land last sold.

The petition for review, or rehearing, it is urged, alleged the discovery of new matter of such a character, that it tended to establish a complete discharge of sundry large debts which had been audited against the petitioner. The petition exhibited two documents in the hand writing of the sheriff, one a list of executions in his hands against the petitioner, and the other a list of slaves belonging to the petitioner, which the counsel for appellant claimed, in argument, were corrected by the affidavit of T. W. Potterfield, that the slaves were the same levied on by the sheriff, (Campbell,) and that the sheriff had admitted in Potterfield's hearing, that he had refused to sell, or allow petitioner to sell, consequently, the appellant argues that, this was a satisfaction, unless

the application of the property could be proved to have been defeated by some subsequent action of the debtor. The appellant in his petition admits, that the possession ·of the slaves remained with him from the time the *fi. fa.* was levied.

Outside of the fact, that the record in this cause has shown gross negligence on the part of the appellant, in every stage of the case, an utter want of diligence in attending to his interests, when the Court had given to him every opportunity, it seems to me he was not entitled to a review or rehearing for the alleged discovery of new evidence, as he failed to show the exercise of reasonable diligence to discover or procure the same, and upon the principles laid down in *Walker et als. v. Commonwealth.* 68 Gratt. 13, and the cases cited in the opinion of the Court, delivered by Moncure J., which I consider conclusive of the subject.

But it is not satisfactory to my mind, that the commissioner did right in allowing the claim in favor of Gibson. There was no evidence to warrant it. The statement of Craighill, clerk of the bank, unsworn to is not evidence; and even if it were, it does not show that the claim was right, and proper, but merely shows that a note of $500, had been placed in the hands of the bank's attorney for suit. The Court should not have allowed that claim without proof of its existence, and to whom due.

And as the pleadings dispute the claim of N. S. White, alleged in his bill for the $1,500; the defendant stating in his answer that he has no knowledge of such claim, knows nothing of the character of it, and asks that full proof be required of the mode in which the said White has become the owner of the said claim, and the manner in which, as endorser, he discharged, if at all, his said liability as such endorser, the commissioner should have specifically acted on that claim as requested by the debtor, and ascertained and reported to the court, how said White became entitled to have the claim allowed him.

1876.
August Term.

White
v.
Drew.

· I am therefore, of opinion that the decrees appealed from, should be affirmed, except the decree of April 30, 1871, which should be reversed, and except also the decree of thirteenth day of June, 1873, confirming the reports of Master Commissioner Fayman, which should be reversed in so far as it confirms said reports as to the said debts or claims of said White and Gibson, respectively, but should be affirmed in all other respects, and that the appellant should recover against the appellees, White and Gibson, his costs in this Court about the prosecution of his appeal in his behalf, expended. And this Court doth adjudge, order, and decree. that this cause be remanded to the circuit court of Jefferson county, with instructions to refer the same to one of its commissioners, to enquire into and report what amount of the said claims of said White and Gibson, respectively, is due and unpaid, and to whom the same is justly due and payable, and for such further proceedings there to be had in the cause, as may be in accordance with the principles and rules governing courts of equity.

The other Judges concurred.

CAUSE REMANDED.